AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☒ SUPERSEDING

---- OFFENSE CHARGED ----

21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) – Possession With Intent To Distribute Methamphetamine; 18 U.S.C. § 924(c)(1)(A) – Using and Carrying a Firearm During Drug Trafficking Crime

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:  SEE ATTACHMENT

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

---- DEFENDANT - U.S ----

▶ SCOTT IVAN DOLGIN

DISTRICT COURT NUMBER
CR-08-00413 DLJ

FILED
AUG 13 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

---- PROCEEDING ----

Name of Complaintant Agency, or Person (& Title, if any)

DRUG ENFORCEMENT ADMINISTRATION

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY   ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form  JOSEPH P. RUSSONIELLO
☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Christine Y. Wong, AUSA

---- DEFENDANT ----

IS NOT IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☒ On this charge

5) ☐ On another conviction   } ☒ Federal  ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed

DATE OF ARREST ▶  Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶  Month/Day/Year

☐ This report amends AO 257 previously submitted

---- ADDITIONAL INFORMATION OR COMMENTS ----

PROCESS:
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT      Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                Before Judge:

Comments:

# PENALTY SHEET ATTACHMENT

a.     21 U.S.C. §§ 841(a)(1), (b)(1)(A) - Possession With Intent To Distribute Of A Schedule I Controlled Substance (Methamphetamine).

**_If 851 Information alleging prior felony narcotics conviction filed_:**

| | | |
|---|---|---|
| (1) | Imprisonment: | Maximum Life, mandatory 20 years imprisonment |
| (2) | Fine: | Maximum $8,000,000 |
| (3) | Supervised Release: | Maximum Lifetime Mandatory Minimum 10-Year Term |
| (4) | Special Assessment: | $100.00 |

**_If 851 Information alleging prior felony narcotics conviction not filed_:**

| | | |
|---|---|---|
| (1) | Imprisonment: | Maximum Life, Minimum 10 Years Imprisonment |
| (2) | Fine: | Maximum $4,000,000 |
| (3) | Supervised Release: Minimum 5-Year Term. | Maximum Life, Mandatory |
| (4) | Special Assessment: | $100.00 |

b.     18 U.S.C. § 924(c)(1)(A)(i) – Possession Of Firearms In Furtherance of Drug Trafficking Crimes.

| | | |
|---|---|---|
| (1) | Imprisonment: Maximum Life Imprisonment[1] Mandatory Minimum 5 Years Imprisonment consecutive To Any Other Term Of Imprisonment | |
| (2) | Fine: | $250,000 |
| (3) | Supervised Release: | Maximum 5-Year Term |
| (4) | Special Assessment. | $100.00 |

c.     18 U.S.C. § 922(g) (1) – Felon In Possession Of A Firearm.

| | | |
|---|---|---|
| (1) | Imprisonment: | Maximum 10 Years. |
| (2) | Fine: | $250,000 |
| (3) | Supervised release: | Maximum 3-year Term |
| (4) | Special assessment: | $100.00 |

---

[1] Life imprisonment per case law. Harris v. United States, 536 U.S. 545, 576 (2002).

# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: OAKLAND

CR-08-00413 DLJ

---

UNITED STATES OF AMERICA,

V.

SCOTT IVAN DOLGIN,

DEFENDANT(S).

---

## SUPERSEDING INDICTMENT

21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) – Possession With Intent To Distribute Methamphetamine; 18 U.S.C. § 924(c)(1)(A) – Using and Carrying a Firearm During Drug Trafficking Crime; 18 USC § 922(g)(1) – Felon in Possession of Firearms and Forfeiture. (WDB)

A true bill.

_____ Foreman

Filed in open court this 13TH day of AUGUST 2008.

_____ Clerk

Bail, $ No process

Wayne D. Brazil   8/13/08

[FILED AUG 13 2008 RICHARD W. WIEKING, CLERK, U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OAKLAND]

1  JOSEPH P. RUSSONIELLO (CABN 44332)
   United States Attorney
2
3
4
5
6
7



8                    UNITED STATES DISTRICT COURT
9                   NORTHERN DISTRICT OF CALIFORNIA
10                           OAKLAND DIVISION
11

12 | UNITED STATES OF AMERICA,    )   No. CR 08-413 DLJ
                                  )
13 |     Plaintiff,                )   VIOLATIONS: 21 U.S.C. §§ 841(a)(1) and
                                  )   841(b)(1)(A) – Possession With Intent To
14 | v.                            )   Distribute Methamphetamine; 18 U.S.C. §
                                  )   924(c)(1)(A) – Using and Carrying a
15 | SCOTT IVAN DOLGIN,            )   Firearm During Drug Trafficking Crime; 18
                                  )   U.S.C. § 922(g) – Felon in Possession of a
16 |     Defendant.                )   Firearm; Forfeiture (WDB)
                                  )
17 |                               )
                                  )   OAKLAND VENUE
18 |_____)
19

20              <u>S U P E R S E D I N G   I N D I C T M E N T</u>

21 The Grand Jury charges:

22 COUNT ONE:    (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) – Possession With Intent To
                 Distribute Methamphetamine)
23

24    On or about May 6, 2008, in the Northern District of California, the defendant,

25                            SCOTT IVAN DOLGIN,

26 did knowingly and intentionally possess with intent to distribute a Schedule I controlled

27 substance, namely, approximately 221 grams of actual methamphetamine, in violation of Title

28 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

SUPERSEDING INDICTMENT

COUNT TWO:  (18 U.S.C. § 924(c)(l)(A) – Using, Carrying, and Possessing a Firearm During, in Relation to, and in Furtherance of a Drug Trafficking Crime)

On or about May 6, 2008, in the Northern District of California, the defendant,

SCOTT IVAN DOLGIN,

did knowingly use and carry a firearm during and in relation to the drug trafficking crime alleged in Count One herein, which crime may be prosecuted in a court of the United States, and, in furtherance of that crime, did knowingly possess that firearm, in violation of Title 18, United States Code, Section 924(c)(1)(A).

COUNT THREE:  (18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm)

On or about May 6, 2008, in the Northern District of California, the defendant,

SCOTT IVAN DOLGIN,

having previously been convicted of a felony crime punishable by a term of imprisonment exceeding one year, did knowingly possess two firearms, described as (1) a Star .22 caliber pistol (serial number 810916) and (2) a 20 gauge Springfield shotgun (serial number A960918), in and affecting commerce, in violation of Title 18, United States Code, Section 922(g)(1).

FORFEITURE ALLEGATION:  (21 U.S.C. § 853)

1. The allegations of Count One of this Indictment are realleged and incorporated herein.

2. Upon conviction of the offense alleged in Count One above, the defendant shall forfeit to the United States all property constituting and derived from any proceeds the defendant obtained, directly or indirectly, as a result of said violations, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violations.

3. If, as a result of any act or omission of the defendant, any of said property

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to or deposited with a third person;

SUPERSEDING INDICTMENT

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which without difficulty cannot subdivided;

any and all interest defendants have in any other property (not to exceed the value of the above forfeitable property) shall be forfeited to the United States.

All in violation of Title 21, United States Code, Sections 853(a)(1), (a)(2), and (p).

DATED:   August 13, 2008

A TRUE BILL

_____
FOREPERSON

JOSEPH P. RUSSONIELLO
United States Attorney

_____
W. DOUGLAS SPRAGUE
Chief, Oakland Branch

(Approved as to form: _____ )
                            AUSA C.Y. WONG

SUPERSEDING INDICTMENT